UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MOUSSA S.,  Case No. 26-CV-1408 (PJS/ECW)

Petitioner,

v.  ORDER

PAMELA BONDI, Attorney General;
KRISTI NOEM, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and
Customs Enforcement; and DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office, Immigration and Customs
Enforcement,

Respondents.

---

Taylor J. Volkman, for petitioner.

David W. Fuller and Friedrich A.P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on the federal respondents' objection to the February 24, 2026, Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright recommending that petitioner Moussa S.'s petition for a writ of habeas corpus be granted.[1]  The Court has conducted a de novo review.  See 28 U.S.C.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

§ 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules the objection and adopts the R&R.

The Court agrees with Judge Wright that United States Immigration and Customs Enforcement ("ICE") violated its own regulations—specifically, 8 C.F.R. § 241.13(i)(2)—when it revoked Moussa's release because the government has not established that "changed circumstances" make Moussa's removal significantly likely to occur in the reasonably foreseeable future.[2]  ICE's proffered "changed circumstance" is that "ICE is seeking a travel document to effect [Moussa's] expeditious removal to Ivory Coast."  ECF No. 6-3; *see also* ECF No. 13 at 2, 16–17.[3]  But although *receiving* a travel document is a "changed circumstance" justifying revocation of release under § 241.13(i)(2), merely *seeking* a travel document—without more—is not.  *E.g.*, *Yee S. v.*

---

[2]The Court agrees with Judge Laura Provinzino that "[a]lthough [petitioner] has the ultimate burden of proving entitlement to habeas relief, the regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future . . . ."  *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (citations omitted).

[3]The notice of revocation listed two other reasons for the revocation:  First, that Moussa—a citizen of Ivory Coast—violated a condition of his release by failing "to apply for a travel document to Vietnam," and second, that "circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future."  ECF No. 6-3.  The Court agrees with the R&R that the first proffered reason is "clearly false," *see* R&R at 8–9, and the second reason is plainly insufficient to meet the government's burden under § 241.13(i)(2), *cf. Ban S. v. Bondi*, No. 25-CV-4750 (PJS/ECW), ECF Nos. 9, 12 (D. Minn. Jan. 26, 2026) (adopting R&R's conclusion that the statement that ICE is "actively working . . . on removal logistics" was insufficient to establish changed circumstances).

*Bondi*, 806 F. Supp. 894, 900–01 (D. Minn. 2025) (finding that ICE failed to properly determine changed circumstances where a notice stated that "ICE is in the process of obtaining a travel document" but it did not explain "what the travel document is or how long it will take to obtain").

ICE Officer Angela Minner requested a travel document for Moussa on February 23, 2026—11 days after Moussa's arrest—and the request remains pending. Minner Decl. ¶ 3. As explained in the R&R, a request for a travel document made *after* re-detention cannot establish changed circumstances because, under § 241.13(i)(2), ICE must determine that changed circumstances exist *before* re-detaining an alien. *See* R&R at 6, 10–11 (citing cases in this District holding that the fact a travel document was requested after re-detention cannot retroactively establish changed circumstances).

In its objection, the government relies heavily on *Zadvydas v. Davis*, 533 U.S. 678 (2001). But *Zadvydas* is irrelevant. As Judge Myong J. Joun explained:

> This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*. This case is about ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [Order of Supervision].

*Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025).

Because the Court has found that ICE violated its own regulation in re-detaining Moussa, the Court need not decide whether ICE *also* violated the Constitution or a federal statute (as alleged in Moussa's petition).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Respondents' objection [ECF No. 13] is OVERRULED.

2. The Report and Recommendation [ECF No. 12] is ADOPTED insofar as it recommends granting the amended petition for habeas corpus based on respondents' violation of 8 C.F.R. § 241.13(i)(2).

3. Petitioner's amended petition for habeas corpus [ECF No. 7] is GRANTED IN PART and DENIED IN PART.  Specifically, the Court:

    a. ORDERS respondents to release petitioner from custody in accordance with the conditions previously imposed by 4:00 pm on March 7, 2026.  If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota.

5. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2026                    /s/ Patrick J. Schiltz
                                                     Patrick J. Schiltz, Chief Judge
                                                     United States District Court